## IN THE OREGON TAX COURT

Ross BOWMAN et al
*v.*
## FALLS CITY SCHOOL DISTRICT
(TC 2620)

Ervin F. Bathke appeared *pro se* for plaintiffs.

D. Erik Larson, Blair, MacDonald, Jensen, Pagel & Larson, Salem, filed Plaintiff's Closing Argument.

Chris L. Lillegard, Dallas, represented defendant.

Decision for defendant rendered March 7, 1988.

**CARL N. BYERS, Judge.**

Pursuant to ORS 294.485, plaintiffs, as interested taxpayers, petitioned the court for an order voiding or modifying the levy filed by defendant with the Polk County Assessor on July 6, 1987. The basic facts, which are not in dispute, are as follows:

In 1978, Valsetz School District ("Valsetz") incurred bonded indebtedness. At that time, the Polk County Treasurer established an account for the receipt of tax levies which

would be used to pay the interest and principal of the bonds as they fell due. In 1984, Valsetz merged with defendant. As a result of that merger, defendant assumed all of Valsetz's liabilities, including the bonded indebtedness, and received all of its assets. Defendant received approximately $1.4 million as miscellaneous revenue from Valsetz. In a logical and conservative move, defendant set aside $300,000 of the miscellaneous revenue in a "Debt Service Fund." The intent was to use the money thus set aside to pay off the old Valsetz bonded indebtedness as it fell due since the terms of the bonds did not allow payment in full until 1991. However, in preparing its budget and tax levy for the 1986-87 year, defendant transferred $250,000 out of its Debt Service Fund into its General Fund. Plaintiffs contend that such transfer was in violation of the Local Budget Law and the statutes governing school districts' debt service requirements. ORS 328.260.

■     The Local Budget Law, ORS ch 294, sets forth the procedures and standards which must be complied with by municipal corporations. ORS 294.485(1) expressly provides: "Any tax levy made contrary to the provisions of ORS 294.305 to 294.520, * * * shall be voidable * * *."

Initially, a distinction must be made between property taxes levied as a result of the general budgeting process and tax levies made to pay bonded indebtedness. Each fiscal year the school district must identify the ending fund balances, expected resources and estimated expenses. Available resources are to be applied against the proposed expenditures. The difference constitutes the tax levy required. ORS 294.371, 294.376 and 294.381.[1]

■     Tax levies for the payment of bonded indebtedness are separately estimated. ORS 294.352(3). A school district must levy sufficient taxes to pay the principal and interest on any bonded indebtedness as it falls due. If the school district fails to levy a tax, the County Treasurer must "certify the amount necessary" and the County Board of Commissioners must levy a tax "sufficient to raise the required amount." ORS 328.265. Such debt service is not included in "the total amount

---

[1] The simplified explanation ignores the required adjustment for the discount allowed by ORS 311.505 and for taxes which will be levied but not collected in the ensuing year.

of tax lawfully levied" in calculating the tax base as prescribed by Article XI, section 11, of the Oregon Constitution. Debt service payments are not treated as operating expenses. Consequently, the school district must make and declare the ad valorem tax levy for each fund separately. ORS 294.435(1). As noted by the court in *Smith v. Colton School Dist. No. 53,* 10 OTR 295 (1986), levies are treated separately because the initial decision to incur the bonded indebtedness must be approved by the voters. Once approved, any taxes levied by the school district must first be attributed and applied to the bonded indebtedness.

In this case, it appears to the court that defendant may have violated the Local Budget Law in 1984 when it set aside $300,000 in a Debt Service Fund. At that point it was not obligated to fund the full amount of the bonded indebtedness, which could not be paid off sooner than 1991. As a consequence, defendant's property tax levy for that year was larger than it should have been due to the fact that defendant would not have included the $300,000 in its resources.

When defendant transferred the $250,000 out of the Debt Service Fund back into its General Fund, it was essentially correcting the error earlier made. Defendant properly showed the amount as a resource in its 1987-88 budget. As a result, defendant's property tax levy for the 1987-88 year was less than it would have been had the $250,000 been left idle in the "Debt Service Fund."

ORS 328.260 does not prohibit the transfer of such funds because they were not derived from tax levies made to satisfy a bonded indebtedness. To the contrary, the evidence indicated that such funds were not the result of property tax levies at all. Although designated by defendant as a "Debt Service Fund," the fund was not obligated except as defendant decided. There is no evidence that defendant irrevocably committed such funds to satisfy the bonded indebtedness. The transfer of $250,000 in connection with the budgeting process complied with the requirements of the Local Budget Law.

Accordingly, the court finds that defendant's 1987-88 budget conformed to Local Budget Law requirements and that the tax levy made in connection therewith was valid. Judgment will be entered accordingly. No costs to either party.